UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODNEY JAMES HARRIS,

                Petitioner,

          v.

SCOTT FRAKES,

                Respondent.

CASE NO.  C11-5115BHS/JRC

REPORT AND RECOMMENDATION

Noted for June 3, 2011

      This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Petitioner challenges his 2005 conviction for manslaughter in the first degree.  Respondent argues the petition is unexhausted and procedurally barred, or in the alternative that the petitioner is not entitled to any relief (ECF No. 11).  The record supplied by respondent did not contain the statement of additional grounds for relief Mr. Harris filed in the Washington State Court of Appeals on October 31, 2005 (ECF No. 13, Exhibit 1).  Nor did the record contain the Washington State

1   Court of Appeals decision after a motion to modify was granted.  That decision was entered one year

2   later on October 31, 2006. State v. Harris, 2006 WL 3077704.

3          In the statement of additional grounds Mr. Harris raises each issue that he raises in his federal

4   habeas petition.  The same issues were placed before the Washington State Supreme Court in a

5   motion for discretionary review (ECF No. 12, Exhibit 32).  Thus, respondent is in error, the grounds

6   for relief are fully exhausted.  Although the claims are exhausted, the claims fail on the merits.

7   Therefore, the decisions of the state court were proper and were not a violation of clearly established

8   federal law.

9

10                                          BASIS FOR CUSTODY

11          In 2000, Clark County charged Mr. Harris with second degree murder, or in the alternative

12   second degree felony murder with second degree assault as the predicate felony.  Both of the charges

13   also included a firearm enhancement.  Further, petitioner was charged with unlawful possession of a

14   firearm in the first degree.  On January 11, 2001, the jury convicted petitioner of unlawful

15   possession of a firearm, but did not reach a verdict on the murder charges.  The court declared a

16   mistrial as to the murder charges and sentenced petitioner to 41 months on the unlawful possession

17   of a firearms charge.  The unlawful possession conviction and sentence are not at issue in this

18   petition.

19          Eight days after the mistrial was declared, on January 19, 2001, the state filed an amended

20   information that charged one count of second degree felony murder with second degree assault as

21   the predicate felony.  Again, the charge included a firearm enhancement.  The jury convicted

22   petitioner on March 6, 2001, he was sentenced March 8, 2001 (ECF No. 12, Exhibit 2).  This

23   conviction was later overturned because the law in Washington changed, felony murder could no

24   longer be based on the predicate crime of assault (ECF No. 12, Exhibit 29).  In re Andress, 147

REPORT AND
RECOMMENDATION - 2

Wn.2d 602, 56 P.3d 981 (2002).  The Washington Court of Appeals overturned the conviction based on the Andress decision and issued the mandate on November 29, 2004 (ECF No. 12, Exhibit 20).

On December 20, 2004 -- 21 days after the mandate issued -- the state charged Mr. Harris with one count of second degree murder, with a firearm enhancement, and in the alternative one count of first degree manslaughter with a firearm enhancement (ECF No. 12, Exhibit 21).  Petitioner moved to dismiss based on Washington's mandatory joinder rule, alleged speedy trial violations, and double jeopardy.  In essence, he argued that the state could not now charge him with the lesser offense of first degree manslaughter, since it had failed to do so in its earlier prosecutions.  His motion was denied and he was convicted on stipulated facts in a bench trial held on February 15, 2005 -- 77 days after the mandate reversing his conviction was issued (ECF No 12, Exhibit 29, page 2).

PROCEDURAL HISTORY

The issues raised on appeal from the 2001 conviction are not relevant to this petition because the Washington Court of Appeals overturned that conviction.  Following his 2005 conviction, petitioner was sentenced to 207 months incarceration (ECF No. 12, Exhibit 1).  He filed an appeal through counsel raising the following issues:

The trial court abused its discretion when:

(1)    It found the implications of the *Andress* decision to be extraordinary thereby allowing the "ends of justice" exception to the mandatory joinder rule to be used;

(2)    It followed the rationale of the Court of Appeals, Division 1, announced in *State v. Ramos*, 124 Wn. App. 334, 101 P.3d 872 (2004); and

(3)    It failed to use its discretion and analyze the facts of Harris as it applied to the *Ramos* ruling in deciding that the ends of justice exception was warranted under Harris' case?

REPORT AND
RECOMMENDATION - 3

(ECF No. 12, Exhibit 27, page 2).  Respondent did not submit the statement of additional grounds for relief filed by Mr. Harris pro se as part of the record.  Mr. Harris provided the document (ECF No. 13, Exhibit 1).  He raised the following additional grounds for review in his statement of additional grounds:

1. The trial court erred in denying my motion for dismissal due to violation of the mandatory joinder rule CrR 4.3.

2. The application of the "ends of justice" exception on the mandatory joinder rule in this case denied Harris Due Process of law.

3. The state failed to comply with CrR 3.3 regarding speedy trial, and the trial court erred in denying Harris's motion for dismissal for violation of CrR 3.3.  Harris's constitutional right to a speedy trial has been violated (Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 22 of the Washington State Constitution).

4. Retrying Harris on the charge of first degree manslaughter has violated the constitutional grounds of double jeopardy – (Fifth and Fourteenth Amendments of the United States Constitution, and Washington State Constitution Article I, § 9.

5. Harris has been denied equal protection of law, which is provided by the Fourteenth Amendment of the United States Constitution, and Article 1, § 9.

(ECF No. 13, Exhibit 1).  The Washington State Court of Appeals affirmed the conviction and sentence on October 31, 2006 (ECF No. 12, Exhibit 29).  There was a motion to modify the ruling and a modified opinion was issued.  State v. Harris, 2006 WL 3077704.  Petitioner moved for discretionary review on November 13, 2006, and raised the following grounds for relief:

1. Whether the trial court misapplied the ends of justice exception of CrR 4.3.1, the mandatory joinder rule, thereby denying Petitioner Harris due process of law and abusing its own discretion?

2. Whether the State failed to comply with CrR 3.3 regarding speedy trial, and the trial court erred in denying Harris's motion for dismissal for violation of CrR 3.3? If Harris's constitutional right to a speedy trial has also been violated, as provided by the Sixth and Fourteenth Amendments

REPORT AND
RECOMMENDATION - 4

to the United States Constitution, and Article I, § 22 of the Washington State Constitution?

3.      Whether Harris was denied equal protection of law?

(ECF No. 12, Exhibit 32).  On October 1, 2008, review was granted and Mr. Harris' case was consolidated with others under cause number 80131-2, <u>Washington v. Gamble</u> (ECF No. 12, Exhibit 33).  On January 28, 2010, the Washington State Supreme Court affirmed the conviction and sentence and held that Washington's mandatory joinder rule did not bar the charges brought against Mr. Harris in this case (ECF No. 12, Exhibit 34).

In his federal habeas corpus petition, Mr. Harris raises the following grounds for relief:

1.      Violation of mandatory joinder rule, CrR 4.3, procedural due process, abuse of discretion, misapplication of "ends of justice" exception.

2.      Speedy trial violation (state court rule and federal).

3.      Equal protection violation.

(ECF No. 1).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case.  According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e)(2) (1996).

1    Petitioner's claims rely on established rules of constitutional law.  Further, there are no

2   factual issues that could not have been previously discovered by due diligence.  Finally, the facts

3   underlying petitioner's claims are insufficient to establish that no rational fact finder would have

4   found him guilty of the crime.  Therefore, this court concludes that an evidentiary hearing is not

5   necessary to decide this case.

6

7

8                                            STANDARD OF REVIEW

9          Federal courts may intervene in the state judicial process only to correct wrongs of a

10  constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 explicitly states that a

11  federal court may entertain an application for writ of habeas corpus "only on the ground that [the

12  petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28

13  U.S.C. § 2254(a) (1995).  The Supreme Court has stated many times that federal habeas corpus relief

14  does not lie for mere errors of state law.  Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers,

15  497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

16

17         A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

18  merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary

19  to, or involved an unreasonable application of, clearly established federal law, as determined by the

20  Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the

21  facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).   Further, a

22  determination of a factual issue by a state court shall be presumed correct, and the applicant has the

23  burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

24  §2254(e)(1).

25

26

REPORT AND
RECOMMENDATION - 6

1

<u>DISCUSSION</u>

2

A.    *Exhaustion.*

3

A state prisoner seeking habeas corpus relief in federal court must exhaust available state

4

relief prior to filing a petition in federal court. As a threshold issue, the court must determine

5

whether or not petitioner has properly presented the federal habeas claims to the state courts. 28

6

7

U.S.C. § 2254(b)(1) states, in pertinent part:

8

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a state court shall not be granted unless it appears
that:

9

10

(A) the applicant has exhausted the remedies available in the courts of the state; or

11

(B)(i) there is an absence of available state corrective process; or

12

(ii) circumstances exist that render such process ineffective to protect the rights of
the applicant.

13

14

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's

15

highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086

16

(9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the

17

state court did not reach the argument on the merits).

18

Petitioner must have exhausted the claim at every level of appeal in the state courts.

19

20

<u>Ortberg v. Moody</u>, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts

21

necessary to support the federal claim were before the state courts or that a somewhat similar

22

state law claim was made. <u>Duncan v. Henry</u>, 513 U.S. 364, at 365-66 (*citing* <u>Picard</u>, 404 U.S. at

23

275 *and* <u>Anderson v. Harless</u>, 459 U.S. 4 (1982)).

24

When the statement of additional grounds that petitioner filed in the Washington State

25

26

Court of Appeals is considered in conjunction with the motion for discretionary review filed in

REPORT AND
RECOMMENDATION - 7

1    the State Supreme Court, it is clear that the grounds for relief in this petition are exhausted (ECF

2    No. 13, Exhibit 1 and ECF No. 12, Exhibit 32).

3        B.    *Washington's Mandatory Joinder Rule.*

4        Mandatory joinder or severance of charges only offends the due process clause of the

5    United States Constitution if the proceeding is rendered fundamentally unfair.  Comer v. Schriro,

6    463 F.3d 934, 957 (9th Cir. 2006).  Normally a decision to join or sever charges is left to the

7    sound discretion of the trial court. Atwood v. Schriro, 489 F. Supp 982, 1039 (D. Ariz 2007). To

8    establish the requisite level of prejudice, a petitioner must show that the impermissible joinder

9    [or severance]"had a substantial and injurious effect or influence in determining the jury's

10   verdict." Davis v. Woodford, 384 F.3d 628, 638 (9th Cir.2004).

11       Petitioner fails to show that the decision to allow re-charging under this set of

12   circumstances was improper or that it had any "injurious effect or influence" on the jury. The

13   Washington State Supreme Court considered this issue and held that in order to allow the later

14   prosecutions after the original convictions had been overturned the state would need to show

15   extraordinary circumstances.  The Court held:

16

17           The circumstances of *Andress* and its effect on numerous existing second
             degree felony murder convictions are out of the ordinary, not within the control of
18           the State, and extraneous to the action of the court.  The extraordinary nature of
             these circumstances is shown by the fact that in several of these cases the
19           defendants' conviction occurred after they were charged *only* with second degree
             felony murder based on assault, an offense that, as became clear under *Andress*,
20           was a nonexistent crime.  Thus, these defendants would *never* have had any viable
             homicide charges brought against them, as a legal matter, for the deaths they
21           caused if the mandatory joinder rule were to apply and bar any additional charges.
             The decision in *Andress* and its impact on all second degree felony murder
22           convictions based on assault entered over more than 256 years constitute
             "extraordinary circumstances" for purposes of CrR 4.3.1(b)(3).
23

24

25   (ECF No. 12, Exhibit 34, page 7)(citations omitted).  The State court decision does not violate

26   any clearly established federal law; it is a matter of state law. The Supreme Court has stated

1    many times that federal habeas corpus relief does not lie for mere errors of state law.  Estelle v.

2    McGuire, 502 U.S. 62 (1991). This ground for relief is without merit.

3         C.      *Speedy trial.*

4         Petitioner's argument regarding speedy trial was premised on application of the

5    mandatory joinder rule.  Application of the rule would have mandated bringing all charges in

6    January of 2001.  As the rule does not apply, the court considers the time between charging and

7    trial.  Only eight days elapsed between the January 11, 2001 mistrial on the murder charges and

8    recharging on January 19, 2001.  The jury returned a verdict March 6, 2001 and petitioner was

9    sentenced March 8, 2001 (ECF No. 12, Exhibit 2).  There was no speedy trial violation.

10        The mandate overturning this conviction was entered November 29, 2004 (ECF No. 12,

11   Exhibit 20).  On December 20, 2004, just 21 days later, petitioner was re-charged (ECF No. 12,

12   Exhibit 21).  He was convicted on February 15, 2005, only 77 days after the mandate overturning

13   his conviction was entered (ECF No. 12, Exhibit 1).

14        The Washington State Supreme Court states:

15             Harris contends that his speedy trial rights were violated.  He first
16        contends that under former CrR3.3 (pre 2001 amendments) he must have been
17        brought to trial on the intentional second degree murder and manslaughter charges
18        within 60 days after the mistrial was declared on January 11, 2001.  This claim is
19        tied to his mandatory joinder argument; he recognizes that if the mandatory
20        joinder rule does not apply, there is no speedy trial problem.

21   (ECF No. 12, Exhibit 34, page 22).  This court concurs with the Washington State Supreme Court.

22   Without application of the mandatory joinder rule the speedy trial violation argument is without

23   merit.

24   //

25   //

26   //

REPORT AND
RECOMMENDATION - 9

1          D.     *Equal protection.*

2          The Washington State Supreme Court considered petitioner's equal protection argument and

3   held:

4
5
6          Harris also contends his equal protection rights were violated because the
           mandatory joinder rule has been applied to other defendants who were charged
           with second degree murder based on assault.  Although he claims he is similarly
           situated to the defendants in *State v. Douglas*, 128 Wn. App. 555, 116 P.3d 1012
7          (2005) and *State v. Hughes*, 118 Wn.App. 713, 77 P.3d 681 (2003), the Court of
           Appeals properly held that he has not shown that the circumstances in those cases
8          are like his own.  *Harris,* 2006 WL 3077704 at *5.  Accordingly, Harris has failed
           to establish a violation of his equal protection rights.

9
10  (ECF No. 12, Exhibit 34 page 23).  The Washington State Court of Appeals analyzed petitioner's

11  claim and noted:

12         When evaluating an equal protection claim, we must first determine
           whether the individual claiming the violation is similarly situated with other
13         persons. *State v. Osman*, 157 Wn.2d 474, 484, 139 P.3d 334 (2006). The
           individual making the claim must establish that he received disparate treatment
14         because of membership in a class of similarly situated individuals and that the
           disparate treatment was the result of intentional or purposeful discrimination.
15         *Osman*, 157 Wn.2d at 484.

16         Here, in order to demonstrate that the trial court denied him equal
17         protection of the law, Harris must demonstrate that he belonged to a subset of
           defendants (1) whose second degree felony murder conviction with second degree
18         assault as the predicate felony were reversed, (2) who could not be charged on
           remand with the same offense, (3) who were charged with a related offense on
19         remand that should have been joined with the second degree felony murder charge
           at the previous trial, and (4) who moved for dismissal of the new charge under the
20         mandatory joinder rule. In not one of the cases Harris cites were these
           circumstances present: *State v. Douglas*, 128 Wn.App. 555, 116 P.3d 1012 (2005)
21         (dismissing felony murder charge under *Andress* before trial and reversing first
22         degree manslaughter conviction due to instructional error); *State v. Daniels*, 124
           Wn.App. 830, 103 P.3d 249 (2004) (reversing second degree felony murder
23         conviction under *Andress* and remanding to trial court with directions to retry
           Daniels only on second degree murder based on the predicate offense of criminal
24         mistreatment), review pending, 2005 Wash. LEXIS 807 (2005); *State v. Gamble*,
           118 Wn.App. 332, 72 P.3d 1139 (2003) (reversing second degree felony murder
25         conviction under *Andress* and remanding to the trial court with directions that it
           enter a verdict of guilty on the lesser included offense of first degree
26         manslaughter), *aff'd in part and rev'd in part*, 154 Wash.2d 457, 114 P.3d 646

1   (2005); *State v. Hughes*, 118 Wn.App. 713, 77 P.3d 681 (2003) (reversing second
2   degree felony murder conviction under *Andress* and remanding to the trial court
    with directions to enter a verdict of guilty on the lesser included offense of second
3   degree assault), *review denied*, 151 Wn.2d 1039 (2004). Harris's argument fails.

4   State v. Harris, 2006 WL 3077704 *5.

5       To establish a violation of the Equal Protection Clause, a petitioner must show that he

6   was treated differently from other persons who were in all relevant respects similarly situated.

7   Flowers v. City of Minneapolis, 558 F.3d 794 (8th Cir. 2009).  The state court therefore applied

8   the proper law and their decision does not violate clearly established federal law.  The petitioner

9   has failed to show any ground for relief raise to a level that would allow for a grant of relief

10  under 28 U.S.C. §2254(d).  The court recommends this petition be denied on the merits.

11
                          **<u>CERTIFICATE OF APPEALABILITY</u>**
12

13      A petitioner seeking relief under 28 U.S.C. § 2254 may appeal a district court's dismissal

14  of his federal habeas petition only after obtaining a certificate of appealability (COA) from a

15  district or circuit judge.  A certificate of appealability may issue only where a petitioner has

16  made "a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c) (3).

17  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with

18  the district court's resolution of his constitutional claims or that jurists could conclude the issues

19  presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537

20  U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a

21  certificate of appealability with respect to this petition.

22
23      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen

24  (14) days from service of this Report to file written objections. <u>See</u> <u>also</u> Fed. R. Civ. P. 6.  Failure to

25  file objections will result in a waiver of de novo review by the District Court Judge. <u>See,</u> 28 U.S.C.

26

1   636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2   matter for consideration on June 3, 2011 as noted in the caption.

3        Dated this 9th day of May, 2011.

4

5

6        J. Richard Creatura
         United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND
RECOMMENDATION - 12